USDC SCAN INDEX SHEET

















LMM    12/28/98    15:20
3:98-CR-00519   USA V. BOGART
*58*
*CRJGMCOMI.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
DEC 28 1998
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

VS

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CRIMINAL CASE NUMBER 98CR0519-JM

RUSSELL J. CONTE (3)
AKA Russell Pinder

___DONALD MACPHERSON, RTND___
Defendant's Attorney

THE DEFENDANT

_X_   pled guilty to_Count One of the Indictment on 9/21/98_ .

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Count(s) |
|---|---|---|
| 18 USC 1343 and 18 USC 2 | WIRE FRAUD, AIDING AND ABETTING | 1 |

The defendant is sentenced as provided in pages 2 through_4_of this Judgment.

The sentence is imposed pursuant to the Sentence Reform Act of 1984.

_X_   The remaining counts of the Indictment are dismissed on the government's oral motion.

It is ordered that the defendant shall pay to the United States a special assessment of $_100.00_, payable forthwith; the Court also finds that the defendant cannot pay a fine.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

ENTERED ON_DEC 2 - 1998_    98CR0519

Judgment - Page __2__ of __4__

DEFENDANT: RUSSELL J. CONTE (3)
CASE NUMBER: 98CR0519-JM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of __**THIRTY (30) Months**__ .

__X__  The Court makes the following recommendations to the Bureau of Prisons:
**1.) THE DEFENDANT BE PLACED AT NELLIS AIR FORCE BASE, IF POSSIBLE.**
**2.) THE DEFENDANT BE ALLOWED TO PARTICIPATE IN A BOOT CAMP PROGRAM, IF POSSIBLE.**

___  The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __**THREE (3) YEARS**__ .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

> The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.
>
> _____The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)
>
> __X__ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

98CR0519

Judgment - Page 3 of 4

DEFENDANT: RUSSELL J. CONTE (3)
CASE NUMBER: 98CR0519-JM

### SUPERVISED RELEASE (Cont'd)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have adopted by this court on the attached page. The defendant shall comply with the special conditions (listed below).

### SPECIAL CONDITIONS OF SUPERVISION

_X_   Not possess firearms, explosive devices, or other dangerous weapons.

_X_   Submit to search of person, property, residence, abode or vehicle at a reasonable time and in a reasonable manner by the Probation Officer or the probation officer's designee.

_X_   Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

_X_   Provide complete disclosure of personal and business financial records to the probation officer as requested.

_X_   Participate in a program of mental health treatment as directed by the Probation Officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the Presentence report and available psychological evaluations to the mental health provider, as approved by the Probation Officer.

### RESTITUTION

Defendant shall pay restitution in the amount of **$2,691,555** through the Clerk, U.S. District Court, to Kenneth Murdock, payable forthwith or through the Inmate Financial Responsibility Program during the period of incarceration, with the payment of any remaining balance to be made following the defendant's release from prison.

98CR0519

DEFENDANT:    RUSSELL J. CONTE (3)
CASE NUMBER:  98CR0519-JM

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distribute or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

December 21, 1998
Date of Imposition of Sentence


Signature of Judicial Officer
JEFFREY T. MILLER
United States District Judge
Name and Title of Judicial Officer

98CR0519